861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence HILL, Plaintiff-Appellant,
v.
Ronald C. MARSHALL; T.L. Morris; and Lt. Wente,
Defendants-Appellees.
 No. 86-3987.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 In December 1982, Plaintiff-appellant Lawrence Hill, a prisoner at the Southern Ohio Correctional Facility ("SOCF"), filed a 42 U.S.C. Sec. 1983 (1982) action which alleged that he had received inadequate medical treatment from SOCF officials. He named as defendants Ronald Marshall, then SOCF Superintendent; Terry Morris, then Deputy Superintendent of Treatment of SOCF; Jerry Wente, then SOCF Infirmary Administrator; and James Rhodes, then Governor of Ohio. Defendants Marshall and Rhodes were dismissed as party defendants by the district court in a June 23, 1986 order. Hill does not appeal that order. A jury trial resulted in a general verdict in favor of the remaining defendants. Hill then filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. In the instant appeal, Hill challenges the district court's denial of that motion. For the reasons that follow, we reverse the decision of the district court and remand for a new trial.
 
 I.
 
 2
 In July 1981, while incarcerated in the Hamilton County, Ohio jail, Hill reacted positively to a Tuberculosis skin test. As a result of this test, the physician for the Hamilton County Jail prescribed Vitamin B-6 and a drug called Isoniazid ("INH") for Hill for one year. Hill was transferred to another facility on July 27, 1981. The physician at that facility ordered that Hill's medication continue. On October 1, 1981, Hill was transferred to SOCF. Hill's medical file, which accompanied him to SOCF, indicated that he was to take INH and Vitamin B-6 for one year. His medication, however, was confiscated upon his arrival at SOCF.
 
 
 3
 Hill filed a pro se section 1983 action on December 20, 1982 in the United States District Court for the Southern District of Ohio. He alleged that his medication was never returned and that although he went to the "pill line" two times each week, he never received his medication. The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on January 12, 1983 and a motion for summary judgment on August 5, 1985. Both motions were denied.
 
 
 4
 Hill, still acting pro se, moved for a default judgment on December 2, 1985. On April 11, 1986 the defendants, without having responded to the plaintiff's motion for default judgment, filed a motion for leave to file their answer to Hill's complaint. The motion came five months after the answer was due and two and one half months before trial. The defendants' excuse was "administrative oversight." Although the response period of twenty-two days had not run nor was notice given to Hill's then court appointed counsel, the motion was granted. On April 21, 1986, Hill's counsel filed a motion opposing defendants' motion for leave. The following day, after learning that the defendants' motion has been granted, Hill's counsel filed a motion for reconsideration of the district court's decision. Plaintiff's motions were denied. On April 23, 1986, over four months after Hill filed his motion for default judgment, the defendants responded to this motion.
 
 
 5
 The jury trial began on July 2, 1987. After approximately five days of trial, the jury returned a general verdict in favor of all of the defendants. Following the verdict, he moved for judgment notwithstanding the verdict or for a new trial. Hill made several assertions in this motion. First, he claimed that the district court abused its discretion in allowing the defendants leave to file an answer. Hill also claimed that the district court erred in admitting testimony which related to previously destroyed evidence. His third assertion was that the trial court abused its discretion in refusing to admit evidence showing defendants' pervasive pattern of failing to give adequate medical attention to inmates. Finally, Hill claimed that the district court abused its discretion in admitting evidence detailing the specific nature of his prior convictions. We will treat these arguments seriatim.
 
 II.
 
 6
 Hill asserts that since the defendants' only excuse for failing to file an answer to the complaint was "administrative oversight," the court abused its discretion in allowing the defendants leave to file an answer. Under Fed.R.Civ.P. 6(b)(2), courts may not permit late filings unless they are the result of excusable neglect. This matter is committed to the trial court's discretion. In this case, Hill did not state that his case had been prejudiced as a result of the defendants' delay in filing an answer and, in fact, he did not give notice to anyone that an answer had not been filed. In addition, the defendants' attorneys attached an affidavit explaining why they failed to file a timely answer. Based on these facts, we cannot say that the trial court abused its discretion in allowing the answer to be filed. The district court's ruling as to this issue is therefore affirmed.
 
 III.
 
 7
 Hill's second argument is that the district court erred in admitting testimony regarding information contained in the prison nurses' medication worksheets. He claims that the worksheets should have been preserved as critical documents but instead were destroyed by the defendants. The defendants note that the nurses testified that the medication worksheets are not a part of the medical records but are used by the nurses to administer medication. After the "stop date" on a worksheet is reached, the sheet is discarded. Since Hill's stop date for taking medication was several months before he filed his lawsuit, the defendants claim that his worksheet was discarded pursuant to this procedure.
 
 
 8
 The trial judge granted Hill permission to make an argument to the jury concerning why he felt the worksheet was discarded. The court denied Hill's request for a jury instruction on the allegedly bad faith destruction of the worksheets because the court felt that the defendants had already explained the reasons for the destruction of the worksheets. Since Hill did not preserve the issue of sufficiency of the evidence, that issue is not before this court. Based on the evidence before us, we conclude that the trial court did not abuse its discretion in admitting this evidence and its ruling on this point is therefore affirmed.
 
 IV.
 
 9
 Hill's next argument is that his case was prejudiced because the district court refused to allow him to introduce evidence concerning the defendants' alleged pervasive pattern of denying or failing to provide SOCF prisoners their medication. Neither party had written documents to support their contentions. The district court allowed Hill to testify that he did not receive his medication. The defendants used circumstantial evidence to indicate that he did receive his medication. Hill sought to introduce further evidence to rebut the defendants' circumstantial evidence and to establish a pervasive pattern of neglect by the prison officials.
 
 
 10
 The excluded evidence included: an evaluation of SOCF's medical services, which was performed by a committee of the Ohio General Assembly; lawsuits and grievances which had been filed by other inmates at SOCF; and reports by SOCF medical committees which described the problems with medication distribution. The Supreme Court and this Circuit have approved the introduction of such evidence to establish a pervasive pattern of conduct that could justify imposing liability on defendants in civil rights actions based on their capacity as supervisors. Rizzo v. Goode, 423 U.S. 362, 373-76 (1976); Hays v. Jefferson County, 668 F.2d 869 (6th Cir.1982), cert. denied, 459 U.S. 833 (1982). As the only evidence that the district court permitted Hill to introduce was his own testimony, it was virtually impossible for Hill to rebut the defendants' circumstantial evidence. In addition, the trial court's ruling further exacerbated the difficulties Hill faced in satisfying the burden of proof on the issue of supervisory liability. We make no judgment at this time as to the admissibility of the excluded evidence. We conclude, however, that the district court abused its discretion in categorically denying admission of Hill's evidence.
 
 V.
 
 11
 Hill's final argument is that the district court erred in allowing evidence, for impeachment purposes, regarding the specific nature of his rape convictions. Because we conclude that Hill is entitled to a new trial based on the district court's categorical denial of admission to Hill's evidence, we need not address this issue.
 
 VI.
 
 12
 For the foregoing reasons, we REVERSE the district court's denial of plaintiff's motion for judgment notwithstanding the verdict and REMAND for a new trial.
 
 
 
 *
 Honorable Douglas W. Hillman, United States District Court for the Western District of Michigan, sitting by designation